1  Jon McNutt (SBN 227761)
   jon.mcnutt@huschblackwell.com
2  Sarah Hamill (SNB 328898)
   sarah.hamill@huschblackwell.com
3  HUSCH BLACKWELL
   355 South Grand Street, Suite 2850
4  Los Angeles CA 90071
   Telephone:  (213) 337-6577
5
   Attorneys for Defendant
6  OCCIDENTAL COLLEGE

7
                    **UNITED STATES DISTRICT COURT**
8
                   **CENTRAL DISTRICT OF CALIFORNIA**
9

10
   JASON DE LA TORRE,                  | CASE NO.
11
                          Plaintiff,   | *Removed from Los Angeles County*
12                                      | *Superior Court Case No. 24STCV26127*
                          v.
13                                      | **NOTICE OF REMOVAL BY**
   OCCIDENTAL COLLEGE, a California     | **DEFENDANT OCCIDENTAL**
14 nonprofit corporation; and DOES 1   | **COLLEGE**
   through X, inclusive,
15
                          Defendants.
16
                                        | Complaint Filed:   October 8, 2024
17                                      | Trial Date:        Not Yet Set
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                    NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant OCCIDENTAL COLLEGE ("Defendant" or "Occidental") hereby removes, by and through its undersigned attorneys, the above-captioned civil action filed by Plaintiff JASON DE LA TORRE ("Plaintiff") and all claims and causes of action therein (the "Action"), from the Superior Court of the State of California, County of Los Angeles ("State Court"), to the United States District Court for the Central District of California ("Court"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Occidental states as follows:

## I.    <u>STATEMENT OF JURISDICTION AND VENUE</u>

1.     This Court has original jurisdiction over this Action under 28 U.S.C. § 1331. This Court's jurisdiction derives from Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as the Complaint alleges causes of action governed exclusively by the Collective Bargaining Agreement between Occidental and California Teamsters Public, Professional and Medical Employees Union, Local No. 911, which terms and conditions governed Plaintiff's employment. Resolving Plaintiff's causes of action will require the Court to substantially analyze and interpret that Collective Bargaining Agreement, giving this Court original jurisdiction over the Action. *See* 29 U.S.C. §185(a); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996–997 (9th Cir. 1987). (*See also* Declaration of Mary Maher ("Maher Decl.") ¶¶ 2–3.) Section IV below provides further details on the basis for this Court's federal question jurisdiction.

2.     Venue for this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441, because this is the federal judicial district where the action was filed, and the case is pending.

## II.    PROCEDURAL BACKGROUND

3.      On October 8, 2024, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Jason De La Torre v. Occidental College, et al.* Case No. 24STCV26127, which sets forth two causes of action under California state law: (1) Wrongful Termination Based on Public Policy and (2) Negligent Training and Supervision. (*See* attached **Exhibit A** ("Compl.")).

4.      On the same day, Plaintiff filed a Civil Case Cover Sheet with the Clerk of the State Court. (*See* attached **Exhibit B**.)

5.      On the same day, the Clerk of the State Court issued a Summons. (*See* attached **Exhibit C**.)

6.      On October 17, 2024, Plaintiff filed a proof of service of Summons on Defendant. (*See* attached **Exhibit D**.)

7.      A true and correct copy of the State Court's docket is attached as **Exhibit E.**

## III.    THIS REMOVAL IS TIMELY AND SATISFIES ALL PREREQUISITES

8.      Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons. The 30-day removal window begins once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

9.      Plaintiff served a copy of the Summons, Complaint and Civil Case Cover Sheet on Occidental on October 16, 2024. (*See* **Exhibit D**.) This Notice of Removal has been filed within thirty (30) days after Plaintiff served Defendant with a copy of the Summons and Complaint upon which this action is based. 28 U.S.C. § 1446.

10.     Occidental has not made a prior application for this or similar relief.

///

11.     As required by 28 U.S.C. § 1446(d), Occidental will serve this Notice of Removal on Plaintiff.

12.     As required, Occidental will also promptly file a Notice of Filing of Notice of Removal with the Clerk of the California Superior Court, County of Los Angeles, which will advise the State Court of the removal.

13.     As required by Rule 81(c)(2) of the Federal Rules of Civil Procedure, Occidental will file its responsive pleading to Plaintiff's Complaint within seven days after this Notice of Removal is filed.

## IV.    BASIS FOR JURISDICTION—FEDERAL QUESTION

14.     Under 28 U.S.C. § 1331, a district court has original jurisdiction over a matter arising under federal law, including § 301 of the LMRA.

15.     Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. §185(a). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young*, 830 F.2d at 997 (citation omitted).

16.     Section 301 of the LMRA has been construed broadly to cover most state-law actions that require interpretation of labor agreements.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law." (citation omitted)); *see id*. at 211 ("[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.").

///

3

17.     Thus, state law causes of action whose outcome depends on analysis of the terms of a collective bargaining agreement are preempted by § 301 of the LMRA and are removable to federal court. *Young*, 830 F.2d at 997, 999, 1022 ("If a federal claim completely preempts a state claim, [as Section 301 of the LMRA does with regards to state law claims dependent on analysis of the terms of a collective bargaining agreement], a complaint coming within the scope of the federal claim necessarily arises under federal law and is removable."). Furthermore, while the nature of a state tort is a matter of state law, the question whether a state tort "is sufficiently independent of federal contract interpretation to avoid pre-emption is, of course, a question of federal law." *Allis-Chalmers Corp.*, 471 U.S. at 213–14.

18.     These rules favor national uniformity in labor law and "authorize the development of federal common-law rules of decision, in large part to assure that agreements to arbitrate grievances would be enforced, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution." *Livadas v. Bradshaw*, 512 U.S. 107, 122 (1994); *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988); *Allis-Chalmers Corp.*, 471 U.S. at 219–20 ("A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, . . . as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance." (citation omitted)).

19.     Parties may not avoid § 301 preemption by artful pleading of a complaint that fails to disclose that the plaintiff's employment was governed by a collective bargaining agreement. *See Young*, 830 F.3d at 997. In such cases, as here, it is proper for the Court to look beyond the face of the complaint to determine whether the state claim is preempted, i.e., whether the outcome of the state claim depends on analysis of the terms of the collective bargaining agreement. *See id.* (explaining that where complaint did not reveal that the plaintiff's employment was governed by a collective

bargaining agreement, the "district court . . . properly looked beyond the face of the complaint to determine whether the [plaintiff's] claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction"); *see also Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991) ("Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act.").

20.    Plaintiff alleges he was a "Stockroom Clerk B" for Defendant. (Compl. ¶ 6.) In his First Cause of Action, Plaintiff alleges Defendant wrongfully terminated his employment "in violation of a fundamental and substantial public policy, in that a substantial motivating factor in the decision to terminate plaintiff was retaliatory animus based on plaintiff's having repeatedly complained regarding being assigned work duties that were outside his job description." (*Id.* ¶ 14.) In his Second Cause of Action, Plaintiff alleges that he was "directed to perform a work assignment that was outside of his job description and for which he was not adequately trained or supervised," resulting in an auto accident. (*Id.* ¶ 19.)

21.    As a "Stockroom Assistant B," Plaintiff was a union member of Teamsters Public, Professional and Medical Employees Union, Local No. 911 and he paid monthly union dues. (Maher Decl. ¶¶ 2, 4, Ex. B.) At all relevant times, Plaintiff's employment was governed by the Collective Bargaining Agreement between Defendant and Teamsters Local No. 911. (Maher Decl. ¶ 2, ¶ 3, Ex. A ("CBA").) This agreement includes terms and conditions governing Defendant's management of employees, including discharging an employee for cause, assignment of work duties, safety training, reporting safety concerns, and the consequences for types of conduct violative of the Collective Bargaining Agreement's associated Code of Conduct including damage to Defendant's property, unacceptable job performance, noncompliance with an established safety procedure, and failure to meet designated

///

driver standards when assigned to operate a motor vehicle to conduct business for Defendant. (*See* CBA at 4, 25, 29–30.) [1]

22.     Plaintiff omits from his Complaint the fact that all terms and conditions of his employment and its termination, Defendant's management of its bargaining unit employees (which included Plaintiff), including safety training and reporting safety concerns were governed by a Collective Bargaining Agreement. This fact is critical to resolution of Plaintiff's claims. However, the "[t]he key to determining the scope of preemption is not how the complaint is cast, but whether the claims can be resolved only by referring to the terms of the collective bargaining agreement." *Young*, 830 F.2d at 999. Here, both of Plaintiff's state law causes of action substantially depend on an analysis of the Collective Bargaining Agreement applicable to Plaintiff's employment with Defendant and are therefore preempted by § 301 of the LMRA and removable to federal court. *See Young*, 830 F.3d at 997, 1002.

23.     First, § 301 of the LMRA preempts a claim for wrongful termination in violation of public policy where the claim is not based on any genuine state public policy or "if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." *Young*, 830 F.2d at 1002. "Otherwise, virtually any wrongful discharge claim could be recast as a public policy claim exempt from preemption." *Id*. On the other hand, where an employee's claim is based on rights arising out a statute designed to provide minimum substantive guarantees to individual workers, such a claim is not preempted by § 301. *See Lingle*, 486 U.S. at 412.

24.     Here, Plaintiff's claim for wrongful termination "in violation of a fundamental and substantial public policy," (Compl. ¶ 14), based on Defendant's discharge of Plaintiff for "cause," (*id*. ¶ 12), is not tethered to any statutory or constitutional provision or any state interest protecting the public that transcends the

---

[1] The CBA page citations refer to the page numbers in the upper right-hand corner of Exhibit A attached to the Declaration of Mary Maher.

employment relationship between Plaintiff and Defendant. *See Young*, 830 F.2d at 1002 ("Because no state public policy transcending the employment relationship protects [the plaintiff's] actions, her wrongful termination claim is preempted."). Specifically, Plaintiff fails to identify any state statute or other relevant California public policy protecting employee complaints about job duties falling outside the employee's job description. (*See* Compl. ¶ 14.) *Cf. Young*, 830 F.2d at 1002; *Garcia v. Rite Aid Corp.*, No. CV 17-02124-BRO (SKx), 2017 WL 1737718, at *5 (C.D. Cal. May 3, 2017) (where wrongful termination claims are based on rights not recognized by California as furthering independent public policies, such claims are preempted).

25.    Instead, Plaintiff's wrongful termination claim substantially depends on an analysis of the Collective Bargaining Agreement's provision regarding Defendant's right to (1) manage its employees including discharging employees for cause, (2) "specify or assign work requirements," (3) "assign work and decide which employees are qualified to perform work," and (4) "determine the type and scope of work to be performed and the services to be provided." (CBA at 4). It also substantially depends on an analysis of the Collective Bargaining Agreement's associated Code of Conduct providing a non-exhaustive list of standards that if violated may call for some form of discipline including up to immediate discharge. (*See id.* at 29–30 (types of conduct that may result in discipline, up to and including discharge include: (1) "[d]estruction or damage to College property or supplies"; (2) "[u]nsatisfactory or unacceptable job performance; (3) "[n]on-compliance with or disregard of any established safety procedure"; (4) "any . . . action that endangers others, College property, or disrupts work"; (5) "[f]ailure to maintain appropriate licensure or to meet designated driver standards when assigned to operate a motor vehicle to conduct College business"; and (6) "[c]onduct that reflects poorly upon the institution." Furthermore, Plaintiff's wrongful termination claim substantially depends on an analysis of the Collective Bargaining Agreement's provision addressing the grievance and arbitration procedure for any employee complaints or

disputes about the interpretation or application of a provision of the Collective Bargaining Agreement. (*See id*. at 5–7.)  As such, Plaintiff's wrongful termination claim is preempted by § 301 of the LMRA. *See Young*, 830 F.2d at 999 ("The test for preemption of a tort claim is whether the state 'confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'"); *Allis-Chalmers Corp.*, 471 U.S. at 213–14 ("[T]he question whether [a state law] tort is sufficiently independent of federal contract interpretation to avoid pre-emption is, of course, a question of federal law.").

26.     Second, where a plaintiff's negligent hiring and supervision claim would substantially depend on an interpretation of a collective bargaining agreement, such a claim is preempted. *See Muhammad v. United Airlines, Inc.*, No. CV 07-6474 CAS (CWx), 2008 WL 11336667, at *8 (C.D. Cal. Dec. 8, 2008) ("Because plaintiff's claim for negligent training would substantially depend on an interpretation of the CBA's provisions regarding a manager's obligations with regard to grievance procedures, the Court finds that plaintiff's claim for negligent training and supervision is preempted."); *see also Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1053 (N.D. Cal. 2005). Here, Plaintiff's claim that Defendant negligently trained and supervised Plaintiff substantially depends on an interpretation of the Collective Bargaining Agreement. Article 2 of the Collective Bargaining Agreement gives Defendant the right, power, and authority to "establish work standards," and "to adopt rules of conduct and safety rules, and penalties for violation thereof." (CBA at 4.) Article 26 of the Agreement then discusses safety, employer-provided training, and forms used to report unsafe conditions. (*Id*. at 25.) In addition, the Collective Bargaining Agreement's associated Code of Conduct allows for discipline, up to immediate discharge, for certain conduct including "[n]on-compliance with or disregard of any established safety procedure" and failure to meet designated driver

standards when assigned to operate a motor vehicle to conduct business for Defendant. (*Id*. at 29–30.) Article 4 of the Agreement further lays out the proper grievance procedure should an employee have a complaint or dispute about the interpretation or application of any provision of the Agreement. (*Id*. at 5–7.) Plaintiff's claim that Defendant negligently trained and supervised him on safety procedures necessarily and substantially depends on an interpretation of these provisions of the Collective Bargaining Agreement. Plaintiff's negligent training and supervision claim is thus preempted. *See Muhammad*, 2008 WL 11336667, at *8; *Busey*, 368 F. Supp. 2d at 1053.

## V.    <u>CONCLUSION</u>

27.    Based on the foregoing, this Action is subject to the original jurisdiction of the Court, under 28 U.S.C. § 1331, and this case may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446.

28.    WHEREFORE**,** Defendant respectfully requests that the Action filed in the Superior Court of California, County of Los Angeles and captioned as *Jason De La Torre v. Occidental College, et al.* Case No. 24STCV26127, be removed to the United States District Court for the Central District of California.

Dated:  November 12, 2024           HUSCH BLACKWELL LLP


                                    By: /s/ Sarah Hamill
                                    JON MCNUTT
                                    SARAH HAMILL

                                    Attorney for Defendant
                                    **OCCIDENTAL COLLEGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

WILLIAM M. CROSBY (SBN: 49357)
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 544-2493
Email: wcrosby@wcrosbylaw.com

Attorney for Plaintiff
JASON DE LA TORRE

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/08/2024 12:57 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JASON DE LA TORRE,<br><br>    Plaintiff,<br><br>v.<br><br>OCCIDENTAL COLLEGE, a California nonprofit corporation; DOES I through X, inclusive,<br><br>    Defendants. | CASE NO. 24STCV26127<br><br>**COMPLAINT FOR WRONGFUL TERMINATION BASED ON PUBLIC POLICY; NEGLIGENT TRAINING AND SUPERVISION; JURY TRIAL DEMAND** |

Plaintiff alleges:

SUMMARY OF CLAIMS

1. This is an action for damages by plaintiff against his former employer based on an egregious bad faith course of conduct intended to deprive plaintiff of his valued employment interest for ill-founded and defamatory reasons. Plaintiff claims that he was involved in a work related motor vehicle accident due to the failure of his employer to give him the proper training and supervision he needed to perform a job duty that was outside of his job description. Plaintiff also claims that he was terminated for pretextual reasons to mask

1

1  retaliatory animus based on his having repeatedly complained regarding

2  being assigned job duties that were outside of his job description and

3  the failure of his employer to take remedial action.  Plaintiff seeks

4  compensatory damages, including economic damages for past and future

5  loss of earnings and benefits, general damages for severe mental and

6  emotional distress, and punitive damages.

7                                    PARTIES

8       2. At all times herein mentioned plaintiff JASON DE LA TORRE

9  (hereinafter "plaintiff") was and is a resident of the County of Los

10  Angeles, State of California.

11      3. Plaintiff is informed and believes and based on such

12  information and belief alleges that at all times herein mentioned

13  defendant OCCIDENTAL COLLEGE (hereinafter "OCCIDENTAL") was and is a

14  California nonprofit corporation doing business as a liberal arts

15  college, with its principal place of business located in the County of

16  Los Angeles, State of California.

17      4. Plaintiff is unaware of the true names and capacities, whether

18  corporate, associate, individual, or otherwise, of defendants named as

19  DOES I through X, inclusive.  Pursuant to Code of Civil Procedure

20  Section 474, plaintiff will seek leave of court to amend this

21  complaint to state said defendants' true names and capacities when the

22  same have been ascertained.  Plaintiff is informed and believes and

23  based upon such information and belief alleges that said fictitiously-

24  named defendants are responsible in some manner for the injury and

25  damages to plaintiff as further hereinafter alleged.

26  ///

27                                      2

28

AGENCY

5. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

FACTS

Plaintiff's Hire and Competent Performance With Defendant OCCIDENTAL:

6. Plaintiff commenced employment with defendant OCCIDENTAL on August 29, 2022 as a Stockroom Clerk B. Plaintiff's job duties included supporting the stockroom functions, operating the forklift for stockroom needs, and assisting in other stockroom maintenance tasks. Plaintiff performed his job duties satisfactorily, receiving consistently favorable performance evaluations.

///

3

COMPLAINT FOR WRONGFUL TERMINATION BASED ON PUBLIC POLICY; NEGLIGENT TRAINING AND SUPERVISION; JURY TRIAL DEMAND

Plaintiff's Complaints Regarding Being Required to Perform Job Duties Outside of His Job Description:

7. Plaintiff noted from the outset of his employment with defendant OCCIDENTAL that he was being asked to perform job duties that were outside of his job description as a Stockroom Clerk B. These job duties included being required to transport items from place to place across the campus; moving trash out of vacated offices; carrying and setting up of tables, chairs, umbrellas and similar items for special events; and using the forklift to move items other than in the stockroom.  Following completion of his six month probation, plaintiff repeatedly complained to the Stockroom Supervisor and the Purchasing Manager for the stockroom that these tasks were outside of his job description.  Plaintiff communicated his belief that either a separate job position should be created for such tasks or that such tasks should be assigned to others in other departments.  In response, plaintiff was told words to the effect that "it's a personnel thing. Just do your job."  Most of plaintiff's work time was spent performing such tasks, which all took place outside of the stockroom.

Plaintiff's Wrongful Termination:

8. On August 7, 2024, plaintiff was assigned to drive a truck to Lucerne Valley to pick up 112 bags of line chalk that would be used on the athletic fields.  Plaintiff was given no instruction, training or notice regarding any weight restrictions for the use of the truck assigned, nor was he trained or instructed on how to handle or strap down pallets carrying heavy loads.  Plaintiff was also not advised as to any problems that he might encounter moving such a heavy volume of

4

line chalk, or procedures to follow in the event of an auto accident.

9. Each of the 112 bags placed on the truck plaintiff was driving weighed fifty pounds, so the load transported in the truck weighed in excess of 5,600 pounds.  While traversing a curve on the 15 Freeway, plaintiff noted that the load was tilting in the direction away from the turn.  Plaintiff attempted to correct this, however the load then shifted in the opposite direction, broke through the cattle rail, and fell onto the freeway.

10. There were no injuries to plaintiff or anyone else.  However, plaintiff was unable to pull over as the nearest shoulder or exit was a mile and a half away.  Plaintiff was in shock knowing that the truck had nearly flipped, likely causing serious injury or death.  He proceeded directly back to defendant OCCIDENTAL and immediately reported the incident to his manager.  Plaintiff was later told that his manager should have directed him to pick up the chalk in two loads, however this was never told to him.

11. The following day, August 8, 2024, as plaintiff ended his workday, he was advised by the head of HR that he was being terminated.  The reasons given to plaintiff for his termination were safety, reckless behavior, misconduct and lack of judgment, including that he had failed to comply with a College Authorized Driver Program policy of which he had never been apprised.

12. Plaintiff experienced severe mental and emotional distress, including depression, anxiety and insomnia, as a result of his wrongful termination.  He anticipates considerable difficulty finding comparable employment given that he was terminated for alleged cause.

COMPLAINT FOR WRONGFUL TERMINATION BASED ON PUBLIC POLICY; NEGLIGENT TRAINING AND SUPERVISION; JURY TRIAL DEMAND

FIRST CAUSE OF ACTION

(Wrongful Termination Based on Public Policy)

13.  Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12 as if set forth in full.

14. On August 8, 2024, defendant OCCIDENTAL wrongfully terminated plaintiff in violation of a fundamental and substantial public policy, in that a substantial motivating factor in the decision to terminate plaintiff was retaliatory animus based on plaintiff's having repeatedly complained regarding being assigned work duties that were outside of his job description.  This was an unfair labor practice in violation of statutes and regulations enacted to promote equitable compensation and workplace safety.

15.  As a direct and proximate result of said wrongful termination, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

16.  As a further direct and proximate result of said wrongful termination, plaintiff sustained general damages for severe mental and emotional distress.

17. Defendant OCCIDENTAL acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant OCCIDENTAL should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

///

///

///

COMPLAINT FOR WRONGFUL TERMINATION BASED ON PUBLIC POLICY; NEGLIGENT TRAINING AND SUPERVISION; JURY TRIAL DEMAND

SECOND CAUSE OF ACTION

(Negligent Training and Supervision)

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12 as if set forth in full.

19. On or about August 7, 2024, plaintiff was directed to perform a work assignment that was outside of his job description and for which he was not adequately trained or supervised, i.e., to pick up and deliver 112 fifty pound bags of line chalk in a truck that was of inadequate size and incapable of safely transporting such a heavy load. As a result, plaintiff was nearly involved in an auto accident that could have resulted in serious if not fatal injuries, and was then wrongfully terminated from his employment. Defendant OCCIDENTAL thereby breached the duty of care by which it was required to properly train and supervise plaintiff to assure his physical safety and mental well being.

20. As a direct and proximate result of said negligent training and supervision, plaintiff was terminated from his employment and thereby sustained economic damages for past and future loss of earnings and benefits, according to proof.

21. As a further direct and proximate result of said negligent training and supervision, plaintiff was terminated from his employment and thereby sustained general damages for severe mental and emotional distress.

///

///

///

7

PRAYER

WHEREFORE, plaintiff prays judgment against defendants as follows:

As to the First Cause of Action:

1.   For economic damages, according to proof;

2.   For general damages, according to proof;

3.   For punitive damages, according to proof.

As to the Second Cause of Action:

1.   For economic damages, according to proof;

2.   For general damages, according to proof.

As to Both Causes of Action:

1.   For costs of suit incurred;

2.   For such further relief as the Court deems proper.


Dated: October 8, 2024

WILLIAM M. CROSBY
Attorney for Plaintiff
JASON DE LA TORRE


JURY TRIAL DEMAND

Plaintiff JASON DE LA TORRE hereby demands trial by jury of the above cause.


Dated: October 8, 2024

WILLIAM M. CROSBY
Attorney for Plaintiff
JASON DE LA TORRE

8

COMPLAINT FOR WRONGFUL TERMINATION BASED ON PUBLIC POLICY; NEGLIGENT TRAINING AND SUPERVISION; JURY TRIAL DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William M. Crosby (Bar No. 49357)<br>13522 Newport Avenue, Suite 201, Tustin, CA 92780<br><br>TELEPHONE NO.: (714) 544-2493       FAX NO. :<br>EMAIL ADDRESS: wcrosby@wcrosbylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Jason De La Torre | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**10/08/2024 12:57 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By Y. Ayala, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV26127<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 8, 2024
William M. Crosby
_____       ►      _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
      relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al. | 24STCV26127 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al. | |

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, ③ |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jason De La Torre v. Occidental College, a California nonprofit corporation; Et Al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 1600 Campus Road |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90041 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __10/08/2024__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

# EXHIBIT C

EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>OCCIDENTAL COLLEGE, a California nonprofit corporation;<br>DOES I through X, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JASON DE LA TORRE | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/08/2024 12:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Ayala, Deputy Clerk** |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br><br>24STCV26127 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William M. Crosby (Bar No. 49357)    13522 Newport Avenue, Suite 201, Tustin, CA 92780    (714) 544-2493

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 10/08/2024 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>Y. Ayala | , Deputy<br>*(Adjunto)*<br>*(Secretario)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

**EXHIBIT D**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>William M. Crosby, Esq. | SBN: 49357<br>WILLIAM M. CROSBY, ATTORNEY AT LAW<br>13522 Newport Avenue Suite 203   Tustin, CA 92780<br><br>TELEPHONE NO.: (714) 544-2493 | FAX NO. (714) 544-2497 | E-MAIL ADDRESS<br>ATTORNEY FOR (Name): Plaintiff: | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/17/2024 1:09 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Abraham, Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: JASON DE LA TORRE<br>DEFENDANT/RESPONDENT: OCCIDENTAL COLLEGE, a California nonprofit corporation | CASE NUMBER:<br>24STCV26127 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>De La Torre v. Occidental College |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE

3. a. Party served *(specify name of party as shown on documents served):*
   **OCCIDENTAL COLLEGE, a California nonprofit corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Lupe Salmeron - Agent for Service**
   **Age: Late 30's | Weight: 130 | Hair: Long, black | Sex: Female | Height: 5'3 | Eyes: Brown/glasses | Race: Hispanic**

4. Address where the party was served:  **1600 Campus Rd # M-20**
   **Los Angeles, CA 90041-3314**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/16/2024**   (2) at *(time):* **10:08 AM**

   b. ☐ **by substituted service.** On *(date):*   at  *(time):*   I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*   from *(city):*                              **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/OC193264** |
|---|---|---|

PETITIONER: JASON DE LA TORRE

RESPONDENT: **OCCIDENTAL COLLEGE, a California nonprofit corporation**

24STCV26127

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **OCCIDENTAL COLLEGE, a California nonprofit corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                 ☐ other:

7. **Person who served papers**
   a. Name: **Sussan Diana Martinez - Nationwide Legal, LLC REG: 12-234648**
   b. Address: **901 W. Civic Center Drive, Suite# 190  Santa Ana, CA 92703**
   c. Telephone number: **(714) 558-2400**
   d. **The fee** for service was: **$ 152.00**
   e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
       (i) ☐ owner  ☑ employee    ☐ independent contractor.
       (ii) Registration No.: **2024115078**
       (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **10/16/2024**

**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

_____    ▶   *Sussan Matt*
   **Sussan Diana Martinez**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E



## *24STCV26127, JASON DE LA TORRE vs. OCCIDENTAL COLLEGE, A CALIFORNIA NONPROFIT CORPORATION*

CA Superior - Los Angeles County

Los Angeles

**This case was retrieved on 11/05/2024**

## Header

**Case Number:** 24STCV26127

**Date Filed:** 10/08/2024

**Date Full Case Retrieved:** 11/05/2024

**Status:** Open

**Misc:** (1117) Wrongful Termination (General Jurisdiction); Civil

## Summary

**District**: Central

**Case Type**: Civil

## Participants

| Litigants | Attorneys |
|---|---|
| DE LA TORRE JASON | |
| **Plaintiff** | |
| OCCIDENTAL COLLEGE | |
| **Defendant** | |

**--- Unassociated Attorneys ---**

CROSBY WILLIAM M.

Attorney for Plaintiff

## Other Docket Proceedings

| Date | Details |
|---|---|

DocketUpdate: JASON DE LA TORRE vs. OCCIDENTAL COLLEGE, A CALIFORNIA NONPROFIT CORPORATION__

| Date | Details |
|------|---------|
| 10/08/2024 | Alternate Dispute Resolution Packet Filed by Clerk |
| 10/08/2024 | Civil Case Cover Sheet Filed by Jason De La Torre (Plaintiff) |
| 10/08/2024 | Complaint Filed by Jason De La Torre (Plaintiff) |
| 10/08/2024 | Notice of Case Assignment - Unlimited Civil Case Filed by Clerk |
| 10/08/2024 | Summons (on Complaint) Filed by Jason De La Torre (Plaintiff) |
| 10/17/2024 | Proof of Personal Service Filed by Jason De La Torre (Plaintiff) |

## Proceedings

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 10/08/2024 | | Alternate Dispute Resolution Packet: Alternate Dispute Resolution Packet | PageCount 2 |
| 10/08/2024 | | Civil Case Cover Sheet: Civil Case Cover Sheet | PageCount 7 |
| 10/08/2024 | | Complaint: Complaint | PageCount 8 |
| 10/08/2024 | | Notice of Case Assignment - Unlimited Civil Case: Notice of Case Assignment - Unlimited Civil Case | PageCount 2 |
| 10/08/2024 | | Summons: Summons on Complaint | PageCount 1 |
| 10/17/2024 | | Proof of Personal Service: Proof of Personal Service | PageCount 2 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

1

2

## PROOF OF SERVICE

3

*Jason De La Torre v. Occidental College*

4

United States District Court Central District of California Court Case No.

5

6

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 S. Grand Ave., Suite 2850, Los Angeles, CA 90071.

7

8

On November 12, 2024, I served true copies of the following document(s) described as **NOTICE OF REMOVAL BY DEFENDANT OCCIDENTAL COLLEGE** on the interested parties in this action as follows:

9

10

11

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on November 12, 2024, at Los Angeles, California.

15

16

*/s/ Crystal Rose*

17

CRYSTAL ROSE

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL